IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY
C-8 PERSONAL INJURY LITIGATION

Case No. 2:13-md-2433
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

This document relates to:

*Lynn v. E. I. du Pont de Nemours and Company,*
Case No. 1:22-cv-751
*Hall v. E. I. du Pont de Nemours and Company,*
Case No. 2:23-cv-869

## OPINION AND ORDER

This matter is before the Court for consideration of a Motion to Compel[1] filed by Defendants E. I. Du Pont De Nemours and Company and The Chemours Company (collectively, "Defendants") as directed by the Court. Plaintiffs in both of the above captioned cases, Ian Lynn, Heather Lynn, Joseph Hall, and Donna Hall, have filed a Response as also ordered by the Court. For the following reasons, the Motion to Compel is **DENIED.**

**I.**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort

---

[1] Defendants filed their Motion to Compel under seal, citing the confidential nature of Heather Lynn's medical records at issue. (ECF No. 11 in Case No. 2:23-cv-869 and ECF No. 15 in Case No. 1:22-751.) Plaintiffs did not file their response under seal. (ECF No. 13 in Case No. 2:23-cv-869 and ECF No. 17 in Case No. 1:22-715.) Plaintiffs explained that Defendants' motion had included some of Mrs. Lynn's medical records and their counsel had not been able to view the full submission in advance of filing. Absent the inclusion of additional medical records as exhibits or substantive related testimony, Plaintiffs indicated future filings involving this issue do not need to be sealed. (*Id.* at n.1.)

to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[ ] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that this prerequisite has been met here.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome."

*Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (citation omitted). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

## II.

Plaintiffs Joseph Hall and Ian Lynn allege that their diagnoses of testicular cancer were caused by C8 present in the water they consumed from qualifying *Leach* water districts. Their spouses, Donna Hall and Heather Lynn, allege loss of consortium based on their husbands' diagnoses of testicular cancer. These cases represent two of the four cases the Court previously

set for trial workup.[2] The deadline for the completion of fact discovery was October 17, 2023. (Case Management Order No. 32-A, ECF No. 5425.) Following that deadline, the parties met and conferred on open discovery matters and resolved all but the two requests for production at issue here: Ancestry.com profiles, DNA results and related documents for Joseph Hall, Donna Hall, and Ian Lynn and medical records relating to Heather Lynn's hysterectomy. Plaintiffs object to the production requests on both substantive and timeliness grounds. Initially, the Court will turn to the issue of the timeliness of Defendants' requests.

Plaintiffs assert that Defendants had all the information necessary to make the current requests prior to the October 17, 2023 fact-discovery deadline because the underlying depositions were completed as of October 4, 2023. Thus, in Plaintiffs' view, Defendants' discovery requests dated October 23, 2023, after the close of case-specific fact discovery, are untimely. Plaintiffs contend they have no duty to respond to untimely discovery requests and Defendants' Motion to Compel should be denied on that basis alone. Further, Plaintiffs offer that, to the extent Defendants suggest that two fact depositions remain to be taken due to treating physician availability, those doctors are treaters of other Plaintiffs in different trial pool cases, efforts to schedule those depositions began well before the fact-discovery deadline, and the doctors' circumstances necessitated the delay.

Certainly, the Court does not endorse a party's issuing untimely discovery requests. Nevertheless, under the limited circumstances here, the Court will not deny the motion to compel on that basis alone. First, any delay has not been lengthy and the parties have confirmed the resolution of other outstanding discovery matters after the discovery deadline. Moreover, at least

---

[2] The two other cases currently set for trial workup are *Marks v. E. I. du Pont de Nemours and Co.*, Case No. 1:23-96 and *Clark v. E. I. du Pont de Nemours and Co.*, Case No. 2:23-cv-882.

4

at this point, there does not appear to be a pattern of disregarding Court ordered deadlines. Should a pattern begin to emerge in cases set for trial workup, however, the Court may be inclined to reach a different conclusion regarding any future untimely discovery requests. In the meantime, the Court turns to the substantive matters at hand.

### III.

#### A. Ancestry.com Records

Defendants seek Ancestry.com profiles, DNA results and related documents for Joseph Hall, Donna Hall, and Ian Lynn, claiming they are relevant for several reasons. First, with respect to Mr. Hall and Mr. Lynn, Defendants assert that AncestryDNA results are relevant for identifying their European descent which, in turn, is relevant for specific causation. According to Defendants, race and ethnicity are recognized risk factors for testicular cancer and white men of European ancestry have a higher incidence and mortality rate than men of other races or ethnicities. Further, Defendants argue that Mr. Hall testified at his deposition that his father was adopted and that he did not know his father's family history. Citing the role of genetic factors in cancer etiology, Defendants explain that AncestryDNA results could identify possible blood relatives of Mr. Hall's father. With respect to Mrs. Hall, Defendants submit that her AncestryDNA results are relevant for rebutting her loss of consortium claim. As support, Defendants rely on Mrs. Hall's deposition testimony that, due to her results, she has experienced the growth of her support network after learning of her biological father's identity and locating four new biological siblings. Defendants contend that there would be only minimal burden to Plaintiffs in producing these records.

Plaintiffs object to the request for their Ancestry.com records. Specifically, Mr. Lynn contends that DNA information does not exist for him because his wife's use of Ancestry.com

was limited to searching the free version of the database for possible relatives based on her own entry of names. Moreover, Mr. Lynn notes that there is no dispute that he is a Caucasian, Northern European male. For her part, Mrs. Hall asserts that any family information she learned through Ancestry.com is completely irrelevant to her loss of consortium claim involving only her spousal relationship. Finally, Mr. Hall argues that any claim that his Ancestry.com records will lead to medical information about his biological father's relatives is purely speculative. Additionally, Mr. Hall also notes that there is no dispute that he is a Caucasian, Northern European male.

The Court concludes that Plaintiffs have the better arguments here and, therefore, will not compel the production of any Ancestry.com profiles, DNA results or related documents. Indeed, with respect to Mrs. Hall and Mr. Lynn, it is not a close call. For example, Mr. Lynn testified that he has never taken "any type of genetic test." (ECF No. 13-3 at 3 in Case No. 2:23-cv-869 and ECF No. 18-2 at 3 in Case No. 1:22-cv-751.) For her part, Mrs. Hall has asserted a loss of consortium claim. As this Court previously has discussed:

> The Ohio Supreme Court has explained:
>
>> "Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace." Even though a loss of consortium claim is derivative in that it is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury, it is nonetheless legally separate and independent from the claim of the spouse who suffered the bodily injury."
>
> *Schaefer v. Allstate Ins. Co.*, 76 Ohio St. 3d 553, 557, 668 N.E.2d 913 (1996), *superseded by statute on other grounds* (internal citations and quotation marks omitted).

*In re E. I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 529 F. Supp. 3d 720, 728 (S.D. Ohio 2021), *judgment entered sub nom. In re E. I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, No.

6

2:13-MD-2433, 2021 WL 1795312 (S.D. Ohio Apr. 26, 2021), *aff'd*, 54 F.4th 912 (6th Cir. 2022). With this understanding of the nature of a loss of consortium claim, Mrs. Hall's Ancestry.com information relating to her recently identified family members has no bearing here. Accordingly, the Motion to Compel is **DENIED** as to the requests relating to these Plaintiffs.

To be sure, with respect to Mr. Hall, it may be a slightly closer call. Defendants claim that the requested information may identify potential relatives of Mr. Hall's father which may in turn reveal genetic factors predisposing Mr. Hall to testicular cancer. To some degree, this argument would be more compelling if Mr. Hall's father's cause of death had been attributed to testicular cancer. Questioning at Mr. Hall's deposition, however, revealed that his biological father died of coronary artery disease. (ECF No. 12-4 at 5 in Case No. 2:23-cv-869 and ECF No. 16-4 at 5 in Case No. 1:22-cv-751.) Further, and significantly, as Plaintiffs point out, Defendants' position here rests on layers of assumptions, making it speculative at best. Accordingly, the Motion to Compel is **DENIED** as to Mr. Hall's Ancestry.com profiles, DNA results and related documents.

### B. Mrs. Lynn's Medical Records

Defendants also seek medical records relating to Heather Lynn's hysterectomy which she underwent in 2021, the same year Mr. Lynn received his cancer diagnosis. According to Defendants, Mrs. Lynn's hysterectomy has more than minimal relevance to her loss of consortium claim, including the amount of damages potentially recoverable, and their defense to that claim. Further, Defendants assert that production of the records would present no burden to Mrs. Lynn because she only would be required to provide a signed authorization.

7

Mrs. Lynn objects to the production of these records on grounds of relevance, asserting that there is no evidence that her hysterectomy impacted her marital bond. Further, Mrs. Lynn notes that, had Defendants wanted to question either her or her husband as to the impact of her surgery on their marriage, they had the opportunity to do so at Plaintiffs' depositions. Mrs. Lynn also contends that Defendants are "considering ways to possibly use this hysterectomy procedure in ways that would be wholly prejudicial and without relevance," citing statements made by opposing counsel during the meet and confer process.[3] (ECF No. 13 at 7 in Case No. 2:23-cv-869 and ECF No. 17 at 7 in Case No. 1:22-cv-751.)

Mrs. Lynn's medical records relating to her hysterectomy may be minimally relevant to her relationship with Mr. Lynn as it relates to his testicular cancer diagnosis, treatment, and recovery. As set forth above, however, minimal relevance is not enough. *Doe*, 2018 WL 1373868 at *2. Moreover, as Mrs. Lynn points out, a far better source of information relating to any impact of that surgery on the Lynns' marriage in the context of her loss of consortium claim would have been the Lynns themselves. Defense counsel appears not to have pursued that specific line of questioning with the Lynns at either of their depositions, instead apparently choosing to limit the questioning to more peripheral matters. (*See, e.g.,* ECF No. 11-7 in Case No. 2:23-cv-869 and ECF No. 15-7 in Case No. 1:23-cv-751, filed under seal.) Given the minimal relevance of these medical records, Defendants' apparent failure to meaningfully address any impact of Mrs. Lynn's surgery with the Lynns at deposition, and then, of course, the untimeliness of the request, the Court declines to compel the production of these records. Accordingly, the Motion to Compel is **DENIED** as to Mrs. Lynn's medical records.

---

[3] "Namely in sum or substance, 'Mrs. Lynn had a hysterectomy that removed her reproductive organs. That is as bad or worse than her husband having a testicle removed.'" (ECF No. 13 at 7 in Case No. 2:23-cv-869; ECF No. 17 at 7 in Case No. 1:22-cv-751.)

## IV.

For the foregoing reasons, the Motion to Compel (ECF Nos. 11 and 12 in Case No. 2:23-cv-869 and ECF Nos. 15 and 16 in Case No.1:22-cv-751) is **DENIED.**

**IT IS SO ORDERED.**

**DATE: January 5, 2024**

s/ Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**