UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE NEMOURS
AND COMPANY C-8 PERSONAL
INJURY LITIGATION

Case No. 2:13-md-2433
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

**This document relates to:**
*Joseph and Donna Hall v. E. I. du Pont de Nemours and Co.,* **Case No. 2:23-cv-869**
*Ian and Heather Lynn v. E. I. du Pont de Nemours and Co.,* **Case No. 1:22-cv-751**

## MOTIONS IN LIMINE ORDER

**Plaintiffs' Motion in Limine No. 4 to Preclude DuPont from Questioning Plaintiffs' Expert Kamal Pohar M.D., F.R.C.S.C., on General Causation (No. 4)**
**(*Hall*, Case No. 2:23-cv-869, ECF No. 74; *Lynn*, Case No. 1:22-cv-751, ECF No. 76)**

The *Hall* and *Lynn* cases are set for a consolidated trial beginning on September 9, 2024. In preparation for trial, Plaintiffs have filed many motions in limine.

Before the Court today is Plaintiffs' Motion in Limine No. 4 to Preclude DuPont from Questioning Plaintiffs' Expert Kamal Pohar M.D., F.R.C.S.C., on General Causation. (Mot., *Hall*, Case No. 2:23-cv-869, ECF No. 74; *Lynn,* Case No. 1:22-cv-751, ECF No. 76.)[1] Defendant E.I. du Pont de Nemours and Company ("DuPont") opposes the Motion. (Resp., ECF No. 97.) For the reasons below, the Motion is **DENIED IN PART AS MOOT**, **DENIED IN PART**, and **DEFERRED IN PART**.

---

[1] Because Plaintiffs' filed the same Motion in the *Hall* and *Lynn* cases, the Court cites only to the *Hall* papers in this Order unless otherwise noted.

I.     **STANDARD OF REVIEW**

  A. **Motions in Limine**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.).

Whether to grant a motion in limine is within the discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

  B. **Applicable Rules of Evidence**

Federal Rules of Evidence 401, 402, and 403 are all applicable for this Order. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. ANALYSIS

Plaintiffs ask the Court for an Order precluding DuPont from introducing evidence, testimony, or argument about the opinions of Plaintiffs' specific causation expert, Dr. Pohar, on any issue of general causation as defined under the *Leach* Class Action Settlement Agreement ("Settlement Agreement"). (Mot. PageID 5539 (citing S.A. § 1.25, Main MDL 2433, ECF No. 820-9).) Plaintiffs assert that during Dr. Pohar's deposition, DuPont tried to question Dr. Pohar on the Science Panel's findings and the sole purpose of the line of questioning was to challenge general causation and the Science Panel's underlying processes. (*Id.* PageID 5541–42.) Plaintiffs argue that any testimony on general causation is irrelevant under Federal Rule of Evidence 401 because DuPont agreed not to contest general causation under the Settlement Agreement. (*Id.* PageID 5540.) They also contend that such testimony would serve no purpose other than to cause unfair prejudice to Plaintiffs and the witnesses, confuse the jury, and waste time, and so it should be excluded under Federal Rule of Evidence 403. (*Id.*)

DuPont responds that it has no intention of questioning any witness on any issue solely related to general causation, but the Settlement Agreement does not prevent questioning of Plaintiffs' expert on other risk factors associated with testicular cancer. (Resp. PageID 7355.) So to the extent Plaintiffs are seeking to "exclude questioning regarding Dr. Pohar's methodology and assumptions, as well as the basis, and the weight and credibility of Dr. Pohar's **_specific causation_** opinions, including his reliance on the Science Panel's Probable Link findings, their

3

request must be denied." (*Id.*) (emphasis in original). Dr. Pohar's consideration of other testicular cancer risk factors and what weight he gives those risk factors are "key topics" DuPont should be allowed to address as part of cross-examination. (*Id.* PageID 7355–56.)

The issues raised in the parties' briefs on this Motion are similar to those raised with the Court during the March 11, 2024 status conference regarding a dispute that arose at Dr. Pohar's deposition.[2] (*See* DMO, ECF No. 105, PageID 7734–35.) After that status conference, the parties filed concise briefs on the pending objection, but after reviewing those briefs, the Court observed at the April 23, 2024 status conference that cancer latency[3] was a central issue in the parties' dispute. (*Id.*) The parties agreed and in accordance with the Court's order, filed additional briefing on the issue; specifically, Plaintiffs filed a Motion for Partial Summary Judgment under Rule 56 or for Determination of Issues under Rule 16(c). (*Id.*) The Court held a hearing on that Motion and denied it. (*Id.* PageID 7735, 7743; *see* ECF No. 93.)

The reasoning in the Court's Dispositive Motions Order on the latency issue applies with equal force here. (DMO, ECF No. 105.) Differential diagnosis—"a standard scientific technique of identifying the cause of a medical problem by eliminating the likely causes until the most probable one is isolated"—is used to assess specific causation. (*Id.* PageID 7741 (citing *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 260 (6th Cir. 2001)).) An expert opining on specific causation must explain his or her methodology:

---

[2] Plaintiffs attach to this Motion the same excerpts from Dr. Pohar's deposition that were attached to the briefing on the deposition dispute and latency issue. (Compare ECF No. 74-1 with MDL 2433, ECF Nos. 5470-1, 5488-1, 5491-1.)

[3] Cancer latency means "the time that passes between exposure to a known or possible carcinogen and the manifestation of the cancer, [and] is an aspect of temporality." (DMO, ECF No. 105, PageID 7740 (citing *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 178 (6th Cir. 2009)).)

4

> As DuPont represents, an expert opining on specific causation who is conducting a differential diagnosis must explain his or her methodology, and that explanation may include his or her opinion on latency in the context of a specific plaintiff's cancer case. (*See id.*) While DuPont may offer evidence about latency in the context of differential diagnosis to determine specific causation, it may not use that same latency evidence to argue that it is improbable that the exposure to C-8 is capable of causing testicular cancer (because that would be a breach the Settlement Agreement). The Court recognizes this can be a difficult balance to strike. For example, an expert cannot delve into the Science Panel's epidemiological study to try to undermine it (*see* EMO 28, PageID 128755) or opine that the Probable Link Finding does not apply to a plaintiff who is a *Leach* class member (*id.*).

(DMO, ECF No. 105, PageID 7742 (footnote omitted).) "[A]s long as DuPont does not use evidence of latency to undercut general causation, and instead, uses it to attack specific causation, that latency evidence may be admissible."[4] (*Id.* PageID 7741.)

Thus, Plaintiffs' Motion is **DENIED IN PART AS MOOT** to the extent it attempts to prevent DuPont from questioning Dr. Pohar on any issue solely related to general causation. DuPont states it has no intention of doing so. (*See* Resp. PageID 7355.)

The Motion is **DENIED IN PART** as much as Plaintiffs seek to prevent DuPont from introducing evidence, testimony, or argument about Dr. Pohar's methodology and assumptions, including on issues of latency and temporality, as to his specific causation opinions. The Court rules on Motion in Limine No. 4 in a manner consistent with its ruling in Dispositive Motions Order at ECF No. 105. To the extent that Plaintiffs believe DuPont's questioning or evidence offered during trial crosses the line between specific and general causation, Plaintiffs can object. As to some of the broader arguments the parties are making here related to questioning about the Science Panel's findings and processes and other topics, the Court **DEFERS** ruling on such

---

[4] The Court allowed DuPont to reopen discovery for the limited purpose of deposing Dr. Pohar only as to the issues of latency and temporality consistent with the Dispositive Motions Order. (DMO, ECF No. 105, PageID 7743.)

5

issues until they arise during trial.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion in Limine No. 4 is **DENIED IN PART AS MOOT**, **DENIED IN PART**, and **DEFERRED IN PART**. (Mot., *Hall*, Case No. 2:23-cv-869, ECF No. 74; *Lynn,* Case No. 1:22-cv-751, ECF No. 76.)

The Clerk is directed to file this Motions in Limine Order in *Hall* and *Lynn*, but not the main MDL 2433 docket.

**IT IS SO ORDERED.**

**8/12/2024**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                                         **UNITED STATES DISTRICT JUDGE**