UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE NEMOURS
AND COMPANY C-8 PERSONAL
INJURY LITIGATION

Case No. 2:13-md-2433
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

**This document relates to:**
*Joseph and Donna Hall v. E. I. du Pont de Nemours and Co.,* Case No. 2:23-cv-869
*Ian and Heather Lynn v. E. I. du Pont de Nemours and Co.,* Case No. 1:22-cv-751

## MOTIONS IN LIMINE ORDER

**Motions in Limine Nos. 12, 14**
(*Hall*, Case No. 2:23-cv-869, ECF Nos. 82, 84, respectively;
*Lynn*, Case No. 1:22-cv-751, ECF Nos. 85, 87, respectively)

This matter is before the Court on two Motions in Limine filed by Plaintiffs in *Hall* and *Lynn* in preparation for the consolidated trial beginning on September 9, 2024. In Motion in Limine No. 12, Plaintiffs move the Court to "Preclude Dupont from Introducing Any Evidence of Plaintiffs' Unrelated Medical Histories." (MiL No. 12, ECF No. 82.)[1] In Motion in Limine No. 14, Plaintiffs asks the Court to "Exclude All Evidence Related to Plaintiffs' Irrelevant Social History, Litigation, and/or Conduct." (MiL No. 14, ECF No. 84.) DuPont filed opposition briefs to both Motions. (MiL No. 12 Resp., ECF No. 101; MiL No. 14 Resp., ECF No. 102.)

For the reasons explained below, Motion in Limine No. 12 is **GRANTED IN PART, DENIED IN PART,** and **DENIED IN PART AS MOOT**.

Motion in Limine No. 14 is **GRANTED IN PART, DENIED IN PART,** and **DENIED**

---

[1] Plaintiffs filed Motion in Limine Nos. 12 and 14 in both *Hall* and *Lynn*. For ease of reading, the Court cites only to the *Hall* papers in this Motions in Limine Order unless otherwise noted.

**IN PART AS MOOT**.

### I. STANDARD OF REVIEW

#### A. Motions in Limine

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, the Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.).

Whether to grant a motion in limine is within the discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

#### B. Applicable Rules of Evidence

Federal Rules of Evidence 401, 402, and 403 are all applicable in this Order. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. PLAINTIFFS' MOTION IN LIMINE NO. 12 TO PRECLUDE DUPONT FROM INTRODUCING ANY EVIDENCE OF PLAINTIFFS' UNRELATED MEDICAL HISTORIES

In Motion in Limine No. 12, Plaintiffs move the Court to preclude DuPont from offering evidence of Plaintiffs' "medical history unrelated to testicular cancer." (MiL No. 12, PageID 6431.) Each Plaintiff and his or her medical condition(s) are discussed below, successively.

### A. Plaintiff Ian Lynn

#### 1. Medical Conditions

*Heart disease and heart bypass surgery.* Mr. Lynn has a history of heart complication; he had a heart attack in the Spring of 2020, and underwent an open heart bypass surgery. (*Id.* PageID 6434.) DuPont deposed Mr. Lynn's cardiologist, Dr. Showri Karnam, about Mr. Lynn's history of heart disease and the surgery. (*Id.*) DuPont also deposed Mr. Lynn's oncologist, Dr. J. Paul Monk, who testified the greatest risk to Mr. Lynn's health is his heart disease. (*Id.*)

*Gallbladder pain.* Mr. Lynn has experienced pain in his gallbladder, and DuPont tried to elicit testimony on his pain level. (*Id.* PageID 6435.)

*Car accident injury.* My. Lynn was in a car accident, and as a result, missed work, suffered injuries to his lower back and foot, and underwent physical therapy. (*Id.*)

*Ongoing back pain.* Mr. Lynn has suffered from lower back pain since around 2013, has discussed surgery options related to that pain with his doctor, and has undergone physical

3

therapy. (*Id.*)

*Obesity weight loss, hypertension.* Mr. Lynn's cardiologist testified that Mr. Lynn is obese and was diagnosed with hypertension. (*Id.*) DuPont questioned Mr. Lynn about his weight at his deposition. (*Id.*)

### 2. The Parties' Arguments and the Court's Rulings

Plaintiffs argue that these medical conditions are not causative of testicular cancer, and DuPont's focus on them shows that DuPont intends to "inject superfluous, distracting, and ultimately prejudicial evidence into this trial." (MiL No. 12, PageID 6437.) Plaintiffs contend that the Court should not allow such evidence in as to damages because DuPont is simply seeking "to distract the jury and obscure the damages caused by C8 and Mr. Lynn's resulting fear of testicular cancer-related complications." (*Id.* PageID 6437–38.) There is no evidence that Mr. Lynn lives in fear of how these other conditions may affect his mortality, says Plaintiffs. (*Id.*)

DuPont responds that evidence of Mr. Lynn's medical conditions is relevant to Mr. Lynn's claimed damages, specifically, emotional distress, lost wages, loss of capacity to enjoy life, and reduced life expectancy. (MiL No. 12 Resp., PageID 7510.) DuPont points out that Mr. Lynn discussed most of these conditions in his social security disability insurance ("SSDI") application, and so they are relevant to his claimed damages given his representation to the Social Security Administration that they prevented him from working. (*Id.* PageID 7511–12.) DuPont says such evidence relates to whether DuPont proximately caused Mr. Lynn's claimed damages of lost wages and lost future earnings, as well as reduced life expectancy and fear of death. (*Id.*) Thus, such evidence should not be excluded. (*Id.* PageID 7510.)

As for Mr. Lynn's car accident, which Plaintiffs mention in this twelfth Motion in Limine, the Court discusses and rules on those issues *infra* in the section addressing Motion in

4

Limine No. 14.

Evidence of Mr. Lynn's heart disease and heart bypass surgery, gallbladder pain, back pain, obesity, weight loss, and hypertension is not admissible on its own. However, if Plaintiffs argue that Mr. Lynn could not work because of his testicular cancer and has damages in the form of lost wages and future earnings, DuPont can offer evidence of any of Mr. Lynn's medical conditions listed in his SSDI application. *See also infra.* Similarly, if Mr. Lynn argues he has damages in the form of limitations to physical activities or capacity to enjoy life, or reduced life expectancy, because of his testicular cancer, DuPont may offer evidence with the Court's prior permission of Mr. Lynn's medical conditions as competing causation. Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**, consistent with this roadmap.

### B. Plaintiff Joseph Hall

#### 1. Medical Conditions

*Emphysema and lung heath.* While examining Mr. Hall about his smoking habits, DuPont implied that Mr. Hall is being monitored by his doctors for lung illnesses caused by smoking. (MiL No. 12, PageID 6436.) DuPont questioned him about the possibility of emphysema, other lung-related illness, and CT scans of his chest. (*Id.*)

*Mild coronary artery calcifications.* Mr. Hall's medical records show mild coronary artery calcifications. (*Id.*)

*Skin cancer.* Mr. Hall was diagnosed with skin cancer in 2012. (*Id.*) He had growths on his nose removed by surgery. (*Id.*) He was last seen by a doctor for his skin cancer in 2016 or 2017, and then saw a dermatologist for lesions on his hands and wrist and had them removed as a precaution. (*Id.*)

*Erectile dysfunction.* Mr. Hall was diagnosed with mild erectile dysfunction prior to his testicular cancer diagnosis and used Viagra a few times. (*Id.*) Mr. Hall testified he and his wife

stopped having sex once symptoms of his testicular cancer manifested, more than a year after he stopped taking Viagra. (*Id.*)

### 2. The Parties' Arguments and the Court's Rulings

Similar to the arguments Plaintiffs made with respect to Mr. Lynn, Plaintiffs argue that Mr. Hall's medical conditions listed above are not causative of testicular cancer, and DuPont's focus on them shows that DuPont intends to "inject superfluous, distracting, and ultimately prejudicial evidence into this trial." (MiL No. 12, PageID 6437.) Plaintiffs argue Mr. Hall's skin cancer was resolved nearly a decade prior to his testicular cancer diagnosis, and no dispute exists that different cancers have unrelated causes, so his skin cancer is irrelevant to the risk factors or cause of his testicular cancer. (*Id.* PageID 6438.) Any references to Mr. Hall's skin cancer should be excluded because the only purposes of such references would be to distract from relevant issues of the case. (*Id.*)

As for Mr. Hall's erectile dysfunction and Viagra use, Plaintiffs contend any relevance is "purely theoretical, but it carries a certain danger of prejudice and embarrassment." (*Id.* PageID 6439.)

DuPont responds that Mr. Hall claims damages for reduced life expectancy, fear of death, and emotional distress related to his testicular cancer, including cancerphobia. (MiL No. 12 Resp., PageID 7514.) DuPont argues Mr. Hall's doctors have repeatedly told him to quit smoking because of the risk of lung cancer and other medical conditions, but he continues to smoke. (*Id.*) It also points to testimony from Mr. Hall that he felt scared when he was initially diagnosed with skin cancer, and when skin lesions appeared that he feared could be another incidence of skin cancer. (*Id.*) DuPont says this evidence of Mr. Hall's smoking and skin cancer is relevant to his cancerphobia damages claim. (*Id.*)

DuPont also contends that Mr. Hall's erectile dysfunction is relevant to Mrs. Hall's claim

6

for loss of consortium and any potential damages Mr. Hall may request for a diminished sex life. (*Id.* PageID 7515.)

The Court already ruled on issues related to Mr. Hall's smoking and lung health in another Motions in Limine Order:

> The Court is not convinced that [] evidence [of Mr. Hall's cigarette smoking] is irrelevant. If Mr. Hall has to prove that he has mental stress and anxiety that his cancer from C8 exposure will return, evidence that he engages in other behaviors that increase his risk of contracting other types of cancer could be relevant to his mental state about and feelings surrounding developing cancer. Mr. Hall must put forth evidence that he had an actual fear or concern about the risk of cancer, *see* [*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1012 (6th Cir. 1993)], so evidence to the contrary is relevant to that determination. Indeed, that fear must be tied to the C8 exposure or his testicular cancer, but evidence that he is taking risks that increase the chances he could develop other forms of cancer is relevant to his mental state about cancer, generally.
>
> Plaintiffs urge that even if the Court determines such evidence is relevant, the probative value is substantially outweighed by the danger of unfair prejudice because that evidence will prejudice the jury's ability to impartially render opinions on whether Mr. Hall's testicular cancer was caused by his C8 exposure. (MiL No. 18, PageID 6944.) Yet evidence can be admissible for one purpose and not another, and the Court can simply instruct the jury accordingly. Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

(Motions in Limine Order, ECF No. 115, PageID 7787–88.) Thus, Motion in Limine No. 12 is **DENIED** as to Mr. Hall's smoking and related lung health.

Evidence of Mr. Hall's skin cancer is too attenuated and irrelevant to be admissible. That Mr. Hall felt fearful when he received his skin cancer diagnosis in 2012, and when he had to have lesions removed by a dermatologist four or five years later, is not relevant to his cancerphobia today. DuPont is not trying to offer evidence of a behavior (like smoking) that increases Mr. Hall's risk of developing other cancers; the skin cancer evidence is simply evidence of Mr. Hall's medical history. Motion in Limine No. 12 is **GRANTED** as to evidence

7

of Mr. Hall's prior skin cancer.

Turning to Mr. Hall's erectile dysfunction and Viagra use, the loss of consortium claims in both *Hall* and *Lynn* have been dismissed since the briefs on this Motion were filed, so the Court need not address these arguments. (ECF No. 114; *Lynn*, Case No. 1:22-cv-751, ECF No. 114.) To the extent that Motion in Limine No. 12 seeks to exclude evidence of Mr. Hall's erectile dysfunction and Viagra use, it is **DENIED AS MOOT**.

And although Plaintiffs mention Mr. Hall's mild coronary artery calcifications, neither party makes any arguments about this medical condition. The Court need not address it.

### C. Plaintiffs Heather Lynn and Donna Hall

Mrs. Lynn had a hysterectomy in 2018. (MiL No. 12, PageID 6435; ECF No. 82-8.) She also had other health conditions including bleeding, underwent an ablation, and had her tubes tied. (MiL No. 12, PageID 6435–36.) Mrs. Hall had a hysterectomy in 1992 because of severe endometriosis. (*Id.* PageID 6437; ECF No. 82-8.) She also suffers from psoriasis and psoriatic arthritis. (*Id.*)

Plaintiffs argue Mrs. Lynn's and Mrs. Hall's hysterectomies are not relevant because they are not making any claims that Mr. Lynn's and Mr. Hall's testicular cancers effected their ability to have children. (*Id.* PageID 64329.) The hysterectomies played no part in Mrs. Lynn's and Mrs. Hall's sex lives with their husbands. (*Id.*)

DuPont urges that the hysterectomies are relevant to the loss of consortium claims. (MiL No. 12 Resp., PageID 7513–15.) Since the loss of consortium claims have since been dismissed, the Court does not have to address these arguments. (ECF No. 114; *Lynn*, Case No. 1:22-cv-751, ECF No. 114.)

DuPont also argues Mrs. Hall's hysterectomy "is relevant to any claim either Hall Plaintiff might raise as to diminished fertility" (*Id.* PageID 7515), but Plaintiffs state that they are

8

not making such a claim in their Motion.

Motion in Limine No. 12 is **DENIED AS MOOT** as to Plaintiffs' request to exclude evidence of Mrs. Lynn's and Mrs. Hall's hysterectomies and other medical conditions.

### III. PLAINTIFFS' MOTION IN LIMINE NO. 14 TO EXCLUDE ALL EVIDENCE RELATED TO PLAINTIFFS' IRRELEVANT SOCIAL HISTORY, LITIGATION, AND/OR CONDUCT

In Motion in Limine No. 14, Plaintiffs move the Court to exclude evidence related to Mr. Lynn's civil litigation and SSDI application, and Mr. Hall's army discharge, prior civil litigation, and default judgment. (MiL No. 14, PageID 6814.) Plaintiffs also move to exclude any evidence of Mr. Lynn's or Mr. Hall's criminal history. (*Id.*) The Court addresses Plaintiffs' arguments about Mr. Lynn and Mr. Hall in turn.

#### A. Mr. Lynn's Social History, Litigation, and Conduct

Mr. Lynn (1) was arrested once in the late 1980s or early 1990s; (2) was part of a prior civil lawsuit involving a car accident that settled before trial; and (3) applied for social security disability and had his application denied. (*Id.* PageID 6815.) Plaintiffs move to preclude evidence of these events. (*Id.*)

Beginning with Mr. Lynn's arrest, DuPont responds that it does not intend to use such evidence "for any barred or irrelevant purpose." (MiL No. 14 Resp., PageID 7575.) The Court construes DuPont's response as an indication that it does not plan to offer evidence of Mr. Lynn's arrest. This part of Plaintiffs' Motion is **DENIED AS MOOT**.

Similarly, DuPont states it does not intend to offer evidence of Mr. Lynn's civil litigation related to his car accident for liability purposes or as character evidence. (*Id.* PageID 7572.) That portion of Plaintiffs' Motion is also **DENIED AS MOOT**.

But DuPont does intend to offer evidence of Mr. Lynn's 2015 car accident because it argues that evidence is relevant to Mr. Lynn's claim for damages in the form of lost wages and

9

lost future earnings. (*Id.*; *see* Compl., *Lynn*, Case No. 1:22-cv-751, ECF No. 1, ¶ 9.) DuPont explains the accident caused Mr. Lynn to become unemployed and he has not held employment since then. (MiL No. 14 Resp., PageID 7572.) Mr. Lynn testified he was "hit head on," the accident was the reason he stopped working, and he sustained injuries to his foot and lower back. (*Id.*; ECF No. 102-2.)

Plaintiffs' arguments related to the car accident are limited to Mr. Lynn's associated civil litigation, and are not about the accident itself. (MiL No. 14, PageID 6817.) But Plaintiffs do not argue that evidence about Mr. Lynn's car accident should be excluded other than generally in Motion in Limine No. 12 (summarized *supra*). Because DuPont makes compelling arguments that evidence of the car accident is relevant to Mr. Lynn's claim for lost wages and lost future earnings damages—Mr. Lynn could not work after the accident—the Court will allow the evidence. The Motion is **DENIED** to the extent that it seeks to exclude evidence of Mr. Lynn's car accident.

As for Mr. Lynn's SSDI application, Mr. Lynn applied for SSDI in 2020, and included his heart attack as a reason for his application. (MiL No. 14 Resp., PageID 7573 (citing Lynn, Case No. 1:22-cv-751, ECF No. 39-3 (sealed)).) His claim was denied, and he sought reconsideration. (ECF No. 101-1.) Mr. Lynn's request for reconsideration listed the following conditions that Mr. Lynn represented made him "unable to work": "heart problems, HTN, anxiety, cancer on the left testicle has spread to lymph nodes, chest, knees, and low back pain." (*Id.* PageID 7537.) The Social Security Administrations Notice of Reconsideration found the previous determination was proper. (*Id.* PageID 7534.)

Plaintiffs contend that the SSDI records are irrelevant to the cause or effects of Mr. Lynn's testicular cancer, and even if there were probative value it is outweighed by risk of

10

"unfounded and irrelevant speculation about Mr. Lynn." (MiL No. 14, PageID 6817–19.) DuPont argues the application is relevant to Mr. Lynn's damages for "loss of capacity to enjoy life and engage in normal activities." (MiL No. 14 Resp., PageID 7573 (citing *Lynn*, Case No. 1:22-cv-751, ECF No. 1, ¶ 9(h)).) According to DuPont, the SSDI records relate to Mr. Lynn's capacity before and after his diagnosis and his ability to work. (*Id.*)

For similar reasons as stated *supra* in Section II.A.2. about evidence of Mr. Lynn's medical conditions, Mr. Lynn's SSDI application and records are not admissible on their own; however, if Plaintiffs offer evidence or argument that Mr. Lynn's testicular cancer resulted in damages in the form of lost wages and future earnings, loss of capacity to enjoy life or engage in physical activities, or reduced life expectancy, this evidence may be admissible with the Court's prior permission. Thus, the Motion is **GRANTED IN PART** and **DENIED IN PART** as to Mr. Lynn's SSDI evidence.

**B. Mr. Hall's Social History, Litigation, and Conduct**

Mr. Hall (1) testified that he was discharged from the army for "unsatisfactory performance," resulting from a motorcycle crash injury; (2) had a default judgment entered against him in connection with a broken lease in 2003; (3) had a misdemeanor gun possession charge in the late 1980s; and (4) took part in a separate lawsuit regarding a wrongful termination and suffered lost wages. (MiL No. 14, PageID 6815.) Plaintiffs move to exclude evidence of these happenings. (*Id.*)

To support Plaintiffs' request that the Court to exclude evidence of Mr. Hall's army discharge, Plaintiffs argue such evidence does not have "any tendency to prove any fact relevant to either the cause of Plaintiffs' testicular cancers or the effects that testicular cancer has had on their families." (MiL No. 14, PageID 6817.) They also assert that the potential for prejudice caused by any mention of Mr. Hall's army discharge outweighs any probative value to the issues

11

in the case. (*Id.* PageID 6819.)

DuPont responds that evidence of Mr. Hall's military discharge is relevant as impeachment evidence. (MiL No. 14 Resp., PageID 7573–74.) Mr. Hall testified during his deposition that he was discharged for unsatisfactory performance because he was unable to perform his duties after injuries sustained to his left leg during a motorcycle accident. (*Id.*; ECF No. 102-5.) DuPont points to Mr. Hall's military records from the 1980s that indicate Mr. Hall was recommended for discharge because of failures to report, indebtedness, and failure to comply with rules and recommendations. (MiL No. 14 Resp., PageID 7574.) DuPont plans to use this evidence to impeach Mr. Hall given his testimony that he was discharged because of his motorcycle accident. (*Id.*)

Plaintiffs' Motion is **GRANTED** as to Plaintiffs' request to exclude evidence of Mr. Hall's military discharge. The evidence is irrelevant and unfairly prejudicial. If evidence offered by Plaintiffs during trial gives DuPont reason to believe the Court should modify this ruling, DuPont can revisit this issue at sidebar.

DuPont argues the default judgment evidence is relevant to proving Mr. Hall's "limited qualifying exposure," bearing on "his status as a class member and his efforts to prove that his exposure caused his testicular cancer." (*Id.* PageID 7575.) DuPont's response brief to Motion in Limine No. 14 was filed on July 15, 2024. (*Id.*) On August 1, 2024, the Court issued a Dispositive Motions Order granting the Halls' Motion for Summary Judgment on *Leach* Class Membership. (DMO, ECF No. 106.) This Court found that Plaintiffs had met their burden of proving there were no genuine issues of material fact as to Mr. Hall's *Leach* case membership. (*Id.*) Because DuPont offers no other explanation for why the default judgment evidence would be relevant, the Motion is **GRANTED** as to this evidence.

12

Finally, as to Mr. Hall's misdemeanor charge, DuPont responds that it does not intend to use such evidence. (MiL No. 14 Resp., PageID 7575.) Similarly, DuPont states that it does not intend to use evidence relating to Mr. Hall's wrongful termination suit. (*Id.*) These portions of Plaintiffs' Motion are **DENIED AS MOOT**.

## IV. CONCLUSION

Motion in Limine No. 12 is **GRANTED IN PART, DENIED IN PART,** and **DENIED IN PART AS MOOT**. (*Hall*, Case No. 2:23-cv-869, ECF No. 82; *Lynn*, Case No. 1:22-cv-751, ECF No. 85.)

Motion in Limine No. 14 is **GRANTED IN PART, DENIED IN PART,** and **DENIED IN PART AS MOOT**. (*Hall*, Case No. 2:23-cv-869, ECF No. 84; *Lynn*, Case No. 1:22-cv-751, ECF No. 87.)

The Clerk is directed to file this Motions in Limine Order in *Hall* and *Lynn*, but not the main MDL 2433 docket.

**IT IS SO ORDERED.**

**8/27/2024**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**